IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JACK M. WOOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:13-cv-11 (WLS) |
| | : | |
| CITY OF CORDELE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the City of Cordele's Motion for Judgment on the Pleadings (Doc. 13) and Plaintiff Jack M. Wood's Motion for Leave to File Amended Complaint (Doc. 16) and Motion for Leave to Exceed Page Limit (Doc. 22). For the reasons that follow, the motion for judgment on the pleadings and motion for leave to file an amended complaint are both **GRANTED in part** and **DENIED in part**. The Motion for Leave to Exceed Page Limit is **DENIED** as moot.

## PROCEDURAL POSTURE

Plaintiff Jack Wood (Wood) is a code enforcement official with the City of Cordele, Georgia (the City). He alleges the City discriminated against him on the basis of a disability, a musko-skeletal injury, and retaliated against him for exercising his statutorily protected rights, in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973.

Wood's original complaint, filed January 23, 2013, alleges that Wood began working for the City on November 1, 1987. He suffered a musko-skeletal injury after he fell thirty feet and severed tendons connecting his quadriceps muscles in both legs. This injury limits his "ability to stand, walk, and climb without assistive aids." He returned

1

to work in August 2009. Since then and until at least September 2012, "Defendant, by and through its elected and appointed officials, agents and employees, failed and refused to make reasonable accommodations to Plaintiff's disabilities and have subjected Plaintiff to severe and/or pervasive harassment because of his disability." The Complaint lacks other factual allegations.

Following a discovery and scheduling conference, the Court entered a scheduling order setting an August 19, 2013 deadline to join parties or amend pleadings.

On May 23, 2013, the City filed a motion for judgment on the pleadings. (Docs. 13, 14.) In the motion, the City argues it is entitled to judgment because, among other reasons, (1) punitive damages are unavailable against a municipality; (2) Wood did not allege a single actionable occurrence; (3) the claims of retaliation do not relate to the ADA or the Rehabilitation Act; (4) the ADA claims are untimely or unexhausted; and (5) the Rehabilitation Act claims are untimely under the statute of limitations.

In support of several of these grounds, the City proffers two charges of discrimination that Wood filed with the EEOC. First, Wood, without the assistance of counsel, filed a charge with the EEOC on February 14, 2011. The charge lists the earliest date of discrimination as November 1, 2011. On the form, he checked boxes alleging sex, disability, and retaliation discrimination. As particulars to these grounds, Wood wrote that he began his employment as a police officer and then began working as a chief codes official. During his employment, he reported to his supervisor that a coworker made threatening statements about black employees and grabbed his crotch on several occasions. He also alleged he was told he could not use a cane at work or park in a handicap parking space. Additionally, someone told Wood he should not be working if he is handicapped. In the last paragraph, Wood claimed, "I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990 . . . and in retaliation for having engaged in protected activity in violation of Title VII of the Civil Rights Act of 1964."

On August 8, 2012, Wood filed with the assistance of counsel an Amended Charge of Discrimination with the EEOC. The amended charge listed retaliation and disability discrimination and added allegations of denials of reasonable accommodations. It couched the events with Wood's coworker as part of a hostile work environment designed to force him from the workplace because of his disability. He also elaborated on his retaliation claims.

The EEOC issued a Notice of Right to Sue letter on October 25, 2012.

In opposition to dismissal, Wood filed a thirty-one-page response arguing that he alleged sufficient facts to state a claim, that a proposed amended complaint moots the argument against punitive damages, that his complaint establishes a continuing violation sufficient to overcome untimely claims, and that the EEOC is responsible for missing facts in the original charge of discrimination. He also moved for leave to file an amended complaint, seeking to buttress his factual allegations to avoid dismissal.

The Proposed First Amended Complaint alleges the following. Wood began working for the City in 1987 as a police officer. He is now a Protective Service Coordinator/Chief Codes Enforcement Official/Unsafe Building Enforcement Officer. His job essentially entails inspecting buildings and enforcing building codes. In May 2009, Wood fell and ruptured tendons in both of his legs. He underwent surgery because of the incident but continues to suffer from the injury. In particular, the injury limits Wood's ability to raise his legs, which hinders him from walking, standing and climbing without assistive aids.

In August 2009, following the injury, Wood returned to work and requested alleged accommodations from the City. Around August 2009, he asked an unspecified person to move his work area from the top floor of City Hall to a vacant space on the ground floor because he had troubled accessing the elevator with his wheelchair. Wood also sought permission to use an elevator key to use the elevator after it was turned off at 5 p.m. each day. In August 2010 and "continuing thereafter," Wood requested per-

3

mission to use a walker or a cane during inspections and to wear shorts, rather than uniform pants, to fit his leg braces.

The City apparently refused these requests and sought to prevent them. It threatened to fire Wood if he wore shorts or used a walker or cane during inspections. An unspecified person for the City explained that it would not grant the accommodations because City Commissioner Jeannie Bartee said, "If Wood was disabled he shouldn't be working for the City." Additionally, Bartee attempted to force the Public Safety Director for the City to tow Wood's car because it was in a designated handicap spot, even though Wood had a valid handicap parking permit. Wood was also prohibited from parking in any of the other handicap spots by City Hall. Bartee also "followed and stalked" Wood at his inspection sites, explaining to the workers at the sites that Wood was not capable of performing the job. Bartee also allegedly condoned a third party's assault on Wood. The City did not respond after Wood reported that a coworker assaulted him and brandished a firearm in the office because the coworker was "a favorite of Ms. Bartee." Bartee also reported that Wood was not working to justify firing him.

The City opposes the amended complaint as futile. Additionally, in a reply to Wood's response, the City moved to strike the response brief as being longer than twenty pages, in violation of Middle District of Georgia Local Rule 7.4. This prompted Wood to file a motion for leave to file excess pages, which the City opposes.

## DISCUSSION

### I. Standards of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A Motion to Dismiss a Plaintiff's complaint under Rule 12(b)(6) should not be granted unless the Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely

4

just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

Additionally, the Court may consider a document attached to a motion to dismiss without converting the motion to a motion for summary judgment if the document is (1) central to the plaintiff's claims and (2) undisputed. *Horsley v. Feldt*, 204 F.3d 1125, 1134 (11th Cir. 2002)). Therefore, in this case, because Wood does not dispute the authenticity of his charges of discrimination, the Court may consider them in addressing

5

the City's motion to dismiss. *See Arnold v. United Parcel Servs.*, No. 7:11-cv-118 (HL) 2012 WL 1035441, at *1 (M.D. Ga. Mar. 27, 2012).

## II. ADA claims

### a. Amended EEOC Charge

As a preliminary matter, the City urges the Court to declare Wood's amended charge of discrimination a "sham filing" because it advances new allegations occurring prior to the earliest date of discrimination in the original charge. Then, with the difficulty of the amended charge disposed of, the City argues it is entitled to judgment on the retaliation and hostile work environment claims because they do not grow out of the original charge. In advocating for such a result, however, the City ignores the plain language of the Code of Federal Regulations.

In fact, the EEOC's regulations permit precisely the type of amendment the City decries as an "obvious and troubling" litigation ploy:

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

29 C.F.R. § 1601.12. Thus, there is nothing unlawful or inappropriate about the filing of an amended charge of discrimination. *See Equal Emp't Opportunity Comm'n v. Miss. Coll.*, 626 F.2d 477, 483–84 (5th Cir. 1980).

But the fact that the EEOC's regulations permit amended charges of discrimination does not mean the claims in the amended charges are necessarily timely. Allegations and claims in an amended charge "relate back" and "cannot be attacked as untimely" if they merely "spell[] out in greater detail" the allegations in a previous charge. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970). In general, an amended charge that raises new grounds for relief does not relate back unless the facts support-

ing the original charge and amended charge are essentially the same. *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003).

With those principles in mind, the Court concludes that Wood's amended charge of discrimination was a mere "clarification and amplification" of the allegations in the original charge, with the exception of the hostile work environment claim. In the first charge, Wood checked boxes of sex, disability, and retaliation discrimination. The amended charge added allegations pertaining to denials of requests for reasonable accommodations—the same type of allegations alleged in the original charge. It also amplified the retaliation claim by enhancing the allegations from the previous charge that indicated a commissioner became upset because of Wood's attempts to park in a handicap space.

On the other hand, the Court agrees with the City that nothing in the original charge put the defendant on notice as to a hostile work environment claim. The original charge alleges four discrete incidents—one pertaining to threats against black coworkers, another related to sexual assaults, and two denials of requests for reasonable accommodations. The denials of Wood's requests to use a cane and parking spot occurred several months apart. Nothing in the charge would lead a reasonable investigator to believe that Wood experienced discriminatory ridicule, insult, or harassment based on his disability that was so severe as to alter the terms and conditions of his employment. Therefore, the hostile work environment claim is untimely unless it occurred 180 days from August 8, 2012, the date of the amended charge.

Although none of alleged incidents related to a hostile work environment in the complaint, amended complaint or charges occurred within 180 days, Wood attempts to escape the filing dates by claiming he experienced "continuing violations." Under the "continuing violation" doctrine, "a plaintiff's charge of discrimination regarding a hostile work environment is considered timely if 'an act contributing to the claim occurs within the filing period,' even if 'some of the component acts of the hostile work envi-

7

ronment fall outside the statutory time period.'" *Salser v. Clarke Cnty. Sch. Dist.*, No. 3:10-cv-17 (CDL), 2011 WL 56064, at *3 (M.D. Ga. Jan. 5. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). Here, none of the acts occurred within the filing limits, except to the extent Wood makes vague, insufficient legal conclusions about events "continuing thereafter" in the complaint. Moreover, Wood alleges only discrete acts that are insufficient to allege a continuing violation. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 970 (11th Cir. 2008) (holding that individual retaliatory acts and discriminatory work assignments did not amount to a continuing violation because they were discrete acts). He does not allege any facts in the charges or complaints that amount to a pattern of "discriminatory intimidation, ridicule, and insult" to make out a hostile work environment claim. *See McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008). That claim is thus untimely.

The Court also finds unpersuasive Wood's attempts to blame the EEOC. To the extent Wood attempts to make a claim of equitable tolling, he bears the burden of such a claim, *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004), and he has presented no evidence to support it.

The Court likewise concludes that Wood's claims that he was denied use of an elevator key and a new office space are untimely because they occurred years before the filing of the first charge of discrimination.

**B. Retaliation Claim**

The City further argues that Wood's retaliation claim must be dismissed because he did not exhaust them in his initial EEOC complaint. This argument is premised on the general rule that a judicial complaint is limited to the scope of an EEOC investigation that can reasonably be expected to "grow out" of the charge of discrimination. *See Gregory*, 355 F.3d at 1280. On the back of that general rule, the City then asserts that "[t]here is no administrative exhaustion with respect to any legal theory that is not *spe-*

*cifically* raised in an EEOC charge, and those theories cannot be brought in a subsequent lawsuit." (Doc. 14 at 14. (emphasis added).) This is a misstatement of law.

To begin with basic principles, it is true that the filing of an EEOC charge is a condition precedent to filing suit under the ADA. *Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e) and 42 U.S.C. § 12117(a)). Claims that are not brought before the EEOC are barred. *Jordan v. City of Montgomery*, 283 F. App'x 766, 767 (11th Cir. 2008) (citing *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).

But a "charge of discrimination is not filed as a preliminary to a lawsuit." *Sanchez*, 431 F.2d at 466. Rather, the purpose of the filing requirement is to give the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). The relevant question therefore is whether the "complaint was like or related to, or grew out of, the allegations contained in [the] EEOC charge." *Gregory*, 355 F.3d at 1280. Moreover, "[b]oth the relevant caselaw and the EEO and EEOC regulations emphasize the lay complainant's allegations of the *facts* rather than his legal framing of the issues." *Jacobs v. Henderson*, No. 99-T-1357-N, 2001 WL 34866606, at * 7 (M.D. Ala. Nov. 20, 2001). "Charges filed with the EEOC must be liberally construed because they are made by persons who are unfamiliar with the technicalities of formal pleadings and who usually do not have the assistance of an attorney." *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir. 1977).

The Eleventh and former Fifth Circuits have repeatedly allowed claims to proceed to the judicial complaint that were not specifically stated in the EEOC charge. *Gregory*, 355 F.3d at 1280; *Sanchez*, 431 F.2d at 464. These holdings follow naturally from the rule that the claims must grow out of a reasonable EEOC *investigation*, not the charge itself. For example, in *Gregory v. Georgia Department of Human Resources*, the

Eleventh Circuit held that a plaintiff sufficiently exhausted a retaliation claim by alleging that her termination was a result of race and sex because the retaliation claim was "inextricably intertwined" with facts in her race and sex discrimination claims. 355 F.3d at 1280. A reasonable EEOC investigator could have discovered the retaliation from the facts alleged. *Id.*

Here, a reasonable EEOC investigator could also have discovered facts relating to retaliation. Like *Gregory*, these claims are bound up in the claims in Wood's original charge that he was denied accommodations and was told he shouldn't be working if he was disabled. Additionally, Wood checked the retaliation and disability boxes on both the original and amended charges. A reasonable EEOC investigator thus would know that the allegations encompassed a claim of retaliation. It is of no moment that Wood framed his retaliation claim as a violation of Title VII, because the relevant inquiry is the facts he alleged and not the legal theories. *See Jacobs*, 200WL 34866606, at *7. Thus, the allegations in Wood's complaint that he was a victim of retaliation were within the scope of the EEOC investigation that could have reasonably grown out of the charges.

### b. Punitive Damages, Failure to Plead Actionable Occurrences, and Failure to State Retaliation Claims.

The City moves to dismiss Wood's claim for punitive damages and his claims for unlawful denials of reasonable accommodations and retaliation for failure to state a claim. These grounds were mooted by the Court's decision to grant Wood leave to file an amended complaint. *See infra*.

### III. Rehabilitation Act

The Court agrees with the City that most of Wood's Rehabilitation Act claims must be dismissed as untimely under the statute of limitations. In Georgia, claims under the Rehabilitation Act are subject to a two-year statute of limitations. *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1409–10 (11th Cir. 1998). Additionally, because a plaintiff

suing under 504 of the Rehabilitation Act need not exhaust administrative remedies, *Doe v. Garrett*, 903 F.2d 1455, 1460 (11th Cir. 1990), this court and other federal courts have held that the filing of a charge of discrimination will not toll a statute of limitations, *Adams v. District of Columbia*, 740 F. Supp. 2d 173, 182–83 (D.D.C. 2010); *Johnson v. Bd. of Regents of Univ. Sys. of Ga.*, No. 5:06-cv-366 (WLS), 2007 WL 2874793, at * 3 (M.D. Ga. Sept. 27, 2007) (Sands, J.); *Cebuhar v. Dep't of Alcoholism & Substance Abuse*, No. 96-c-7364, 1997 WL 222871, at *5 (N.D. Ill. Apr. 24, 1997). *See also Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465–66 (1975) (holding that pursuit of administrative remedies under Title VII did not toll statute of limitations for § 1981 claim); *Cheeney v. Highland Comm. Coll.*, 15 F.3d 79, 82 (7th Cir. 1994) (holding that the filing of a claim of discrimination with the Illinois Department of Human Rights did not toll statute of limitations for Rehabilitation Act claim).

Therefore, any of Wood's claims accruing before January 23, 2011 are untimely. Based on the analysis above, the Court rejects the contention that the untimely allegations were part of a continuing violation. Again, the complaint alleges only discrete acts.

Any Rehabilitation Act claims occurring prior to January 23, 2011 are therefore **DISMISSED**.

    **IV.**    **Motion for Leave to File Amended Complaint.**

Wood moves for leave to file an amended complaint to resolve the City's argument he failed to allege any actionable occurrences and to remove his claim for punitive damages. The City urges the Court to deny leave.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the court's leave "when justice so requires." Fed. R. Civ. P. 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). In other words, the Court must identify a substantial reason to justify denying the motion.

*Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Substantial reasons include undue futility, delay, bad faith, or dilatory motive, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As a substantial reason to deny the motion, the City claims the amendment is futile because of the reasons stated in the motion to dismiss and because the amended allegations fail to state a claim. A motion for leave to file an amended complaint may be denied as futile when the complaint as amended would still be subject to dismissal. *Halliburton & Assocs. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985). The Court agrees, based on the analysis above, that some of the motion is futile as to the Rehabilitation claims accruing prior to January 23, 2011, the hostile work environment claims, and the accommodation requests to use an elevator key and to change office spaces. Those claims are untimely.

But the Court disagrees that the amendment is futile as to the remaining grounds. The City fails to cite any authority for the proposition that an ADA claim must state who denied a reasonable accommodation and the exact date he or she did so. Although the City regurgitates banalities from *Twombly* and *Iqbal*, the standard it actually invokes smacks of pleading with particularity under Rule 9. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (requiring claim of fraud to show "the precise statements, documents, or misrepresentations made" and "the time, place, and person responsible for the statement"). At bottom, it is certainly plausible that Wood was denied the stated reasonable accommodations by a person of authority. And there are more than enough allegations to put the City on notice of the nature of the claims.

The Court also disagrees that the retaliation claims fail to state a claim. The City argues that the retaliation claims are not related to protected activity under the ADA and the Rehabilitation Act. While it is true that a retaliation claim must be based on protected activity under the respective statute, nothing about Wood's complaint or amended complaint suggest the retaliation occurred from anything other than protected activi-

ties under the ADA or the Rehabilitation Act. The City nevertheless claims that the because Wood made a single-sentence reference to retaliation under Title VII in the original charge, the retaliation claim must be dismissed as being based on a different statute. This argument ignores the basic principle that courts must accept the allegations in a complaint as true on a motion to dismiss. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Moreover, the Court has already rejected—and does so again—the argument that the plaintiff is bound by the exact legal theories in a charge of discrimination. *See supra* Sections II(a) & (b).

## V. Motion for Leave to File Excess Pages

The Court had already considered Wood's response to the motion for judgment on the pleadings in its entirety, before the City moved to strike it, so motion for leave to file excess pages (doc. 22) is denied as moot.

## CONCLUSION

For those reasons, the Court makes the following rulings. The motion for judgment on the pleadings is **GRANTED in part** and **DENIED in part**. The following claims are dismissed:

- All claims alleging a hostile work environment;
- Reasonable accommodation claims for the use of an elevator key and new office space; and
- All Rehabilitation Claims accruing before January 23, 2011 (meaning all claims except those in Paragraphs 21(b), (c) and (d) in the proposed amended complaint, to the extent they relate to retaliation claims).

The Motion for Leave to File an Amended Complaint is **GRANTED in part** and **DENIED in part**, consistent with the findings in the Court's rulings on the motion to dismiss. None of the just dismissed claims can be remedied by an amended complaint. Fi-

nally, the Motion for Leave to File Excess Pages is **DENIED** as moot. The stay of discovery (Doc. 26) is **LIFTED**.

    **SO ORDERED**, this ___6th___ day of November, 2013.

                                   ___/s/ W. Louis Sands___
                                   **W. LOUIS SANDS, JUDGE**
                                   **UNITED STATES DISTRICT COURT**